IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL WARREN WILLIE, #72748                                             PLAINTIFF

VS.                                          CIVIL ACTION NO.   3:17-cv-299-CWR-FKB

JIM HOOD, ET AL.                                                         DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Summary Judgment [18] filed by Defendants Jim Hood, Pelicia Hall, and Frank Shaw, to which Plaintiff Michael Warren Willie has failed to respond.  Defendants, sued in their official capacities, argue that this 42 U.S.C. § 1983 action should be dismissed because Plaintiff has failed to exhaust his administrative remedies.  Alternatively, they assert that § 1983 is not the proper vehicle for the relief Plaintiff seeks.  For the reasons explained below, the undersigned recommends that the Motion for Summary Judgment be granted, and this case be dismissed.

In this action, Willie alleges that Defendants have violated his liberty interests and due process rights under the Fifth and Fourteenth Amendments by denying him the opportunity for parole.  Willie was originally convicted in 1989 on a charge of capital murder and sentenced to death.  *Willie*, 2008 WL 1990775 at 1; Miss. Code Ann. § 99-19-101 (1983).  After various appeals and remands, in 2002 he was ultimately adjudged a habitual offender under Mississippi Code Annotated § 99-19-18 and sentenced to life without parole.[1]

---

[1] The procedural history of Plaintiff's criminal conviction is recounted in the Report and Recommendation entered in his petition for habeas corpus relief.  *See Willie v. Bradley*, 2008 WL 1990775 (N.D. Miss. Feb. 12, 2008).  A brief review of Willie's conviction and sentence is instructive in considering the case.

As stated *supra*, Willie was originally convicted in 1989 on a charge of capital murder and sentenced to death.  *Id.* at *1; Miss. Code Ann. § 99-19-101 (1983).  Following a series of appeals and remands, in 2002 his

It is clear that the Due Process Clause of the Constitution does *not* create a liberty interest in parole.  *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979)(emphasis added). Furthermore, the United States Court of Appeals for the Fifth Circuit has held that the Mississippi parole statute, Miss. Code Ann. § 47-7-3 (1972), does not create a constitutionally protected liberty interest in an offender receiving parole.  *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987)("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest."); *Irving v. Thigpen*, 732 F.2d 1215 (5th Cir. 1984); *see also Johnson v. Miller*, 919 So.2d 273, 277(Miss. Ct. App. 2005) ("In Mississippi, prisoners have 'no constitutionally recognized liberty interest in parole.'")(citations omitted).   Consequently, Plaintiff cannot bring an action for the denial of the opportunity for parole pursuant to § 1983.

As an alternative basis for dismissal, the State asserts that Plaintiff has failed to exhaust his administrative remedies on these claims.   *See* 42 U.S.C. § 1997e(a); *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012)(finding that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies).   The State presents Plaintiff's

---

indictment was amended to charge him as a habitual offender under Mississippi Code Annotated § 99-19-18, known as the "little habitual" statute.  *Willie*, 2008 WL 1990775 at *1.  The amendment was based on two felonies, one of which had matured into a conviction after his initial conviction of capital murder.  *Id.* at *3.  The court ultimately adjudged him a habitual offender and sentenced him to life without parole under § 99-19-18.  *Id.*  This sentence was upheld in 2004 on direct and collateral state appeals.  *Id.*

In February 2005, Willie timely challenged his conviction and sentence in a petition for habeas corpus relief filed in the United States District Court for the Northern District of Mississippi.  *Id.*  The Court appointed counsel and held an evidentiary hearing.  *Id.* at *5.  After a thorough examination of the petition and the case's long procedural history, the Magistrate Judge found that Willie failed to establish entitlement to relief.  *Id.* at *17.  In addition, the Magistrate Judge concluded that Willie did not raise "any issue of federal constitutional law relating to the granting of the amendment to the indictment or the application of the little habitual" statute to him.  *Id.*  The District Judge adopted the Report and Recommendation, and Willie failed to timely appeal the decision.

˘2˘

administrative remedy record dating back to 2004 (the year his conviction was upheld on direct and collateral state appeals), and it contains no requests for administrative remedies on his claims that he was wrongfully sentenced as a habitual offender or that he has sought a parole date through the administrative remedy process.  *See* [18-1].

Even if Willie pursued relief through a petition for habeas corpus relief, dismissal would be warranted.   Not only could the claim be dismissed as "second or successive" under 28 U.S.C. § 2244(b)(2), but because his eligibility for parole is a matter of state law, "the Mississippi Supreme Court, not this federal court, is the final authority on the law of the State of Mississippi. It needs no approval from the federal courts on the subject of its own law."  *Willie*, 2008 WL 1990775 at *17.   In other words, "the proper interpretation of state law is *not* cognizable in federal habeas proceedings."   *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001)(emphasis in original).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 23rd day of January, 2019.

                                         /s/ F. Keith Ball
                                 UNITED STATES MAGISTRATE JUDGE