# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

MICHAEL W. WILLIE                                                           PLAINTIFF

V.                                                          CAUSE NO. 3:17-CV-299-CWR-FKB

JIM HOOD, PELICIA HALL, FRANK                                             DEFENDANTS
SHAW

## ORDER ADOPTING REPORT AND RECCOMENDATION

This matter is before the Court pursuant to the Report and Recommendation of the United States Magistrate Judge, which was entered on January 24, 2019. Docket No. 22. The Report and Recommendation clearly notified the parties that failure to file written objections to the findings and recommendations contained therein within 14 days after service would bar further appeal in accordance with Local Rule 72. *Id.*; *see* 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(2).

Plaintiff filed a written objection to the Report & Recommendation on February 22, 2019. The Report recommended that the unopposed Motion for Summary Judgment (Docket No. 18) be granted, and this case dismissed for two reasons: (1) "Plaintiff cannot bring an action for the denial of the opportunity for parole pursuant to § 1983", and, in addition to or in the alternative, (2) Plaintiff did not exhaust his administrative remedies on his claims. In his objection, Plaintiff claims that he did not file a "civil action under 42 U.S.C. § 1983, but instead a writ of habeas corpus challenging the Habitual Offender portions of his sentence." Docket No. 23. Therefore, Plaintiff argues, exhausting his administrative remedies is not an option and this Court is the proper forum to grant relief.

First, Plaintiff did not, as he claims, file a petition under 28 U.S.C. § 2254 for writ of habeas corpus in this case; he filed a § 1983 action. *See* Docket No. 1 at ¶ 1 ("This is a civil

action authorized by 42 U.S.C. Section 1983 to redress the due process violations, under color of state law, of rights secured by the Fifth [] and Fourteenth [] Amendments . . . "). However, even if Plaintiff had filed a habeas corpus petition, the Court agrees with the Magistrate Judge that dismissal would be warranted because 28 U.S.C. § 2244(b)(2) prohibits "second or successive habeas corpus application[s]"[1] and eligibility for parole is a matter of state law.

This Court finds Plaintiffs objections to be unfounded and unpersuasive, and further concludes that the Report and Recommendation is not clearly erroneous or contrary to law. Under Fed. R. Civ. P. 72, the Court hereby adopts the Report and Recommendation as the Order of this Court. Accordingly, Defendants' Motion to for Summary Judgment (Docket No. 18) is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 30th day of March, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] *See Willie v. Bradley*, No. 1:05-CV-10-SA-JAD, 2008 WL 1990775 (N.D. Miss. Feb. 12, 2008) (dismissing Plaintiff's habeas petition and concluding that he did not raise "any issue of federal constitutional law relating to the granting of the amendment to the indictment or the application of the little habitual" statute to him).